IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DeANDRA K. CASTILLO,

    Plaintiff,

v.                                                                        No. 13-cv-0484 SMV/WPL

CITY OF HOBBS,
HOBBS POLICE DEPARTMENT,
CITY OF HOBBS BOARD OF
COMMISSIONERS, J.D. SANDERS,
CHRIS McCALL, JOHN and JANE DOES,
and BLACK and WHITE CORPORATIONS,

    Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Civil Rights [Doc. 10] ("Motion"), filed on October 1, 2013. Plaintiff responded on October 17, 2013. [Doc. 18]. Defendants replied on November 4, 2013. [Doc. 19]. Oral argument was held on December 4, 2013, at which time, Plaintiff consented to the dismissal of all claims against Defendant City of Hobbs Board of Commissioners. [Doc. 22]. The Court, having considered the briefing, oral argument, and relevant law, and being otherwise fully advised in the premises, finds that the Motion is well-taken should be granted.

### Background

Plaintiff filed her First Amended Complaint alleging violations of Title VII of the Civil Rights Act and violations of the New Mexico Human Rights Act ("NMHRA"). [Doc. 3]. She claims that she had been employed with the Hobbs Police Department ("HPD") between March, 2005, and November 25, 2008, first as a telecommunications officer and later as a police supply

specialist. *Id.* at 6. Plaintiff alleges that between April, 2008, and November 25, 2008, she was sexually harassed by Defendant Sanders, who was the Chief of Police and her supervisor. *Id.* at 6–9. She alleges that she resigned on November 25, 2008, and reported the harassment to human resources during her "exit interview." *Id.* at 8–9.

Plaintiff alleges that in August or September of 2011 she applied to be a police officer with HPD and was offered the position of police recruit. *Id.* at 9, 10. However, she declined the position because she believed that another recruit was hired without passing the entry physical assessment at the Southern New Mexico Law Enforcement Academy. *Id.* at 11. "[S]he believed that Defendant Sanders may be holding a grudge toward her due to the complaint [she] had lodged against [him] in November 2008." *Id.*

Nevertheless, she alleges that she returned to HPD on June 27, 2012, as an entry-level police officer, where she remained until she was terminated on August 28, 2012. *See id.* at 11−16. Plaintiff asserts that she was wrongfully terminated in retaliation for her 2008 report of harassment in that same year. *See id.* at 1–23. She also alleges that even though she was told that she was terminated for failure to progress in her defensive tactics, others, who were not progressing in their defensive tactics but were Caucasian and male, or younger, were not terminated. *See id.* She alleges that she "timely filed formal charges of discrimination with the [Equal Employment Opportunity Commission ("EEOC")]/Human Rights Division [and received a right-to-sue notice]." *Id.* at 5.

Plaintiff has asserted causes of action for sexual harassment (count I), a hostile work environment (count II), retaliation (count III), and for violations of NMHRA (count IV). *Id.* at 19–22. At oral argument, Plaintiff clarified that count I was asserted against Defendant HPD

only; that count II was asserted against Defendants City of Hobbs, HPD, Sanders, and McCall; that count III was asserted against Defendants HPD, Sanders, and McCall; and that count IV was asserted against Defendants City of Hobbs and Sanders. She also consented to the dismissal of all claims against Defendant City of Hobbs Board of Commissioners because it was not her employer and, thus, not a proper defendant.

## Discussion

Defendants move to dismiss all claims on various grounds, which the Court addresses in order of analytical convenience. First, the Title VII claims against Defendants Sanders and McCall will be dismissed with prejudice because they are not proper defendants. Second, Plaintiff's claims for discrimination based on sexual orientation will be dismissed without prejudice for failure to state a claim. Third, Plaintiff's claim for gender discrimination under NMHRA will be dismissed without prejudice for failure to state a claim. Fourth, the Title VII-retaliation claim against Defendant HPD and the NMHRA-retaliation claim against Defendant Sanders will be dismissed without prejudice for failure to state a claim.

Defendants attached Plaintiff's EEOC Complaint to their motion. At oral argument, the parties agreed that, with respect to the arguments that rely on the EEOC Complaint, the Motion to Dismiss should be converted to one for summary judgment. The factual allegations that underpin Plaintiff's Title VII claim for sexual harassment, the NMHRA claims for sexual harassment and a hostile work environment, and the claims for alleged sex- and race-discrimination occurring in 2011 were not raised in the EEOC Complaint. These claims, therefore, will be dismissed with prejudice because Plaintiff failed to exhaust administrative remedies, and those claims are now time barred.

**Standard for Motion to Dismiss**

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 provides that a complaint need contain only a "short and plain" statement of (1) the grounds supporting the district court's subject matter jurisdiction, (2) "the claim showing that the pleader is entitled to relief," and (3) the demand for the relief that the pleader seeks. Fed. R. Civ. P. 8(a). The complaint must "provide enough factual allegations for a court to infer potential victory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

For a complaint to survive a motion to dismiss, the claims must be nudged "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although a court must accept as true all of the allegations in a complaint, deference is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)).

Analysis

First, Defendants move to dismiss all Title VII claims against Defendants Sanders and McCall "as redundant and improper." [Doc. 10] at 5–6.

> Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

*Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (internal quotation marks omitted). Because the employer at issue in this case, the City of Hobbs, has been named as a Defendant, any claims against Defendants Sanders and McCall are, indeed, improper. *See id.* Plaintiff does not argue otherwise. *See* [Doc. 18]. Accordingly, the Court will dismiss all Title VII claims against Defendants Sanders and McCall. Considering that amendment would be futile against Defendants Sanders and McCall, their dismissal will be with prejudice.

Second, Defendants argue that any claims for discrimination based on Plaintiff's sexual orientation should be dismissed for failure to allege sufficient facts to plausibly state a claim. [Doc. 10] at 9. Plaintiff offers no response to this argument. *See* [Doc. 18]. The Court agrees that the First Amended Complaint fails to allege facts sufficient to plausibly state a claim for discrimination based on sexual orientation. In fact, the First Amended Complaint makes no factual allegation related to sexual orientation at all. Therefore, any claims for discrimination based on Plaintiff's sexual orientation will be dismissed without prejudice.

Third, Defendants argue that Plaintiff's claim for sex-based discrimination in violation of NMRHA (count IV) should be dismissed as unsupported and conclusory. [Doc. 10] at 9–11. Defendants point out that Plaintiff specifically alleges in the First Amended Complaint that she was fired for failure to progress in her defensive tactics. *Id.* at 9–10 (citing [Doc. 3] at 15–16). Additionally, Plaintiff does not allege that she was fired because she is a woman, much less

allege facts that amount to sex-based discrimination. *Id.* at 10.  Plaintiff does not respond to this argument.  *See* [Doc. 18].  The Court agrees that Plaintiff's First Amended Complaint lacks sufficient factual allegations to plausibly state a claim for sex-based discrimination in violation of NMRHA, and such claims will be dismissed without prejudice.

Fourth, Defendants move to dismiss Plaintiff's claims for retaliation under Title VII, as embodied in count III of the First Amended Complaint, against HPD for failure to state a claim.[1]  Specifically, Defendants argue that Plaintiff fails to allege that but for her complaint against Defendant Sanders in 2008, she would not have been fired in 2012. [Doc. 10] at 11–12.  Plaintiff responds that she, indeed, pleaded that Sanders held a grudge against her for the 2008 report to human resources, and as a result, Sanders "ha[d] Plaintiff terminated" in 2012.  [Doc. 18] at 8; *see* [Doc. 3] at 18 ("Defendant Sanders did use his position and authority to cause the termination of Plaintiff . . . .").  Plaintiff also alleged that Defendant McCall did not have authority to fire her; that no other recruit had ever been fired; that she "was in fact passing;" and that a white male and younger Hispanic female were allowed to remain employed despite their inadequate defensive tactics.  [Doc. 18] at 8.  Plaintiff's counsel argued that Plaintiff would have been able to pass the defensive tactics requirements eventually, had she not been terminated.  Defendants reply that these allegations were not contained in the First Amended Complaint, and that even if they had been, they would still fail to plausibly state a claim.  [Doc. 19] at 8–19.  The Court is persuaded that the First Amended Complaint, in its current form, fails to state a retaliation claim under Title VII against Defendant HPD and also fails to state a retaliation claim

---

[1] Defendants also move to dismiss the Title VII retaliation claim against Defendant Sanders.  [Doc. 10] at 11–12.  However, all of the Title VII claims against Defendant Sanders will be dismissed with prejudice because he is not proper defendant.  The Court, therefore, only addresses the argument as it relates to Defendant HPD.

against Defendant Sanders under NMHRA. Plaintiff *may* have alleged sufficient facts that could plausibly show that her termination was pretextual, but importantly, she does not allege facts that would show what the pretext was for.[2] Plaintiff conclusorily states that Defendant Sanders had her fired in 2012 in retaliation for her 2008 report to human resources. However, she fails to allege facts that connect the allegedly pretextual firing in 2012 to Defendant Sanders or to her 2008 report. Thus, these claims for retaliation—under Title VII, as embodied in count III of the First Amended Complaint, and under NMHRA, as embodied in count IV—will be dismissed without prejudice.

## Conversion to Motion for Summary Judgment

Courts are required to convert a motion to dismiss to one for summary judgment where matters outside the pleadings are presented and considered by the court. Fed. R. Civ. P. 12(d). Here, Defendants have submitted a matter outside the pleadings—Plaintiff's EEOC Complaint [Doc. 10-1]—along with their motion. At oral argument, Plaintiff did not dispute the authenticity of the EEOC Complaint, and neither party had anything further to submit for the Court's consideration. Both sides agreed that the arguments relying on the EEOC Complaint should be evaluated under a motion-for-summary-judgment standard.

## Analysis

Defendants argue that the claims for sexual harassment under Title VII should be dismissed entirely because Plaintiff failed to exhaust her administrative remedies, which are now time barred. [Doc. 10] at 7–8. Defendants offer Plaintiff's EEOC Complaint and argue that because it was filed more than 300 days after the alleged harassment, the sexual harassment

---

[2] Plaintiff does not allege that her race or age motivated her firing in 2012.

claim is time barred. *Id.* Plaintiff does not dispute the EEOC Complaint, nor does she contest that it was filed more than 300 days after the harassment allegedly occurred in 2008. [Doc. 18] at 6–7. Rather, she argues that the claims for sexual harassment are not time barred because they constitute an ongoing (or continuing) violation. *Id.*

The continuing violation doctrine allows a plaintiff to recover "for discriminatory acts that occurred prior to the statutory limitations period if they are part of a continuing policy or practice that includes the act or acts within the statutory period." *Davidson v. Amer. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003) (internal quotation marks omitted). However, the Supreme Court has rejected the continuing violation doctrine for claims based on multiple discrete acts of discrimination, limiting its application to hostile work environment claims. *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (citing *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). Thus, when bringing a claim alleging discrete acts of discrimination, "a claimant must file a charge . . . within the appropriate limitations period as to each such discrete act . . . that occurred." *Davidson*, 337 F.3d at 1184.

Here, Plaintiff alleges a hostile work environment based on sexual harassment, in 2008, i.e., *outside* the limitations period. In contrast, the alleged discriminatory act *within* the limitations period is for *retaliatory discharge*, which is a discrete act and not subject to the ongoing violation doctrine. The Court is not persuaded by Plaintiff's argument based on the continuing violation doctrine. Her Title VII claims for sexual harassment in 2008 are time barred and will be dismissed with prejudice. For the same reasons, the NMHRA claims against Defendants City of Hobbs and Sanders for sexual harassment and a hostile work environment are time barred and will be dismissed with prejudice. *See* NMSA 1978, § 28-1-10(A) (complaints

for violations of the NMHRA must be filed within 300 days after the alleged act was committed); *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 15, 127 N.M. 282 (complaints for violations of the NMHRA may be filed either with the EEOC or with the state Human Rights Division); *Ulibarri v. State Corr. Acad.*, 2006-NMSC-009, ¶ 11, 139 N.M. 193, 131 P.3d 43 (2006) (applying *Morgan*'s reasoning to the NMHRA and, thus, declining to apply the continuing violation doctrine to discrete discriminatory acts).

Finally, Defendants argue that the Title VII claims for sex- and race-discrimination in 2011 should be dismissed entirely because they are time barred. [Doc. 10] at 8–9. Plaintiff does not respond to this argument at all. *See* [Doc.18]. Defendants are correct. Any claims related to alleged discrimination in 2011 are barred because Plaintiff failed exhaust her administrative remedies. *See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005) ("Title VII requires a litigant to file a claim within 300 days of the alleged discriminatory conduct. . . . Title VII is not intended to allow employees to dredge up old grievances; they must promptly report and take action on discriminatory acts when they occur."). Plaintiff was required to initiate such remedies within 300 days of the discrimination. *See id.* She did not do so. Accordingly, any claims for discrimination occurring in 2011 are dismissed with prejudice.

## Conclusion

The Title VII claims against Defendants Sanders and McCall will be dismissed with prejudice because they are not proper defendants. All claims for sexual harassment and a hostile work environment in 2008 will be dismissed with prejudice as time barred. Similarly, the claims for alleged sex- and race-discrimination occurring in 2011 are dismissed as time barred.

However, other claims will be dismissed without prejudice. Plaintiff's claims for discrimination based on sexual orientation, gender discrimination under NMHRA, and Title VII retaliation against Defendant HPD will all be dismissed without prejudice for failure to allege facts that could plausibly state a claim for relief.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Civil Rights [Doc. 10] is **GRANTED**.

The following claims and Defendants are dismissed *with* prejudice:

- Counts I and II against all Defendants;

- All claims against Defendant City of Hobbs Board of Commissioners;

- All claims for alleged discrimination in 2011;

- All Title VII claims against Defendants Sanders and McCall; and

- Count IV against Defendant Sanders for alleged sexual harassment and a hostile work environment in 2008.

The following claims and Defendants are dismissed *without* prejudice:

- Count III against Defendant Hobbs Police Department; and

- Count IV against Defendant Sanders for alleged retaliation in 2012.

**IT IS SO ORDERED.**

								_____
								**STEPHAN M. VIDMAR**
								**United States Magistrate Judge**
								**Presiding by Consent**